**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**DAYSHA BLOUNT**                                                                 **CIVIL ACTION NO.**

**VERSUS**                                                                                 **20-675-JWD-EWD**

**CAPITAL ONE FINANCIAL CORP.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 13, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**DAYSHA BLOUNT**                                              **CIVIL ACTION NO.**

**VERSUS**                                                             **20-675-JWD-EWD**

**CAPITAL ONE FINANCIAL CORP.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Before the Court is the Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"), or in the alternative, Motion for More Definite Statement,[1] filed by Defendant Capital One Financial Corp. ("Capital One"), who states that it is properly known as "Capital One Bank (USA), N.A."[2] Capital One seeks dismissal of Plaintiff Daysha Blount's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, a more definite statement of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(e).[3] Plaintiff opposes the Motion to Dismiss.[4] Because the Complaint fails to state a claim, it is recommended[5] that the Motion to Dismiss be granted, dismissing Plaintiff's claims without prejudice, and that Plaintiff be given leave to amend her Complaint.

**I. Background**

This is a civil action involving claims for damages against Capital One asserted by Plaintiff, who is representing herself.[6] On October 7, 2020, Plaintiff filed a form "Complaint and Request for Injunction" ("Complaint"), which sufficiently alleged subject matter jurisdiction pursuant to

---

[1] R. Doc. 7.
[2] R. Doc. 7, p. 1.
[3] R. Doc. 7 *and see* Capital One's reply memorandum at R. Doc. 20.
[4] R. Doc. 14.
[5] *See Scott v. Ruston Louisiana Hosp. Co., LLC,* No. 16-0376, 2017 WL 979104, at *2 (W.D. La. Mar. 14, 2017) ("When a District Court refers a dispositive matter like a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted to a Magistrate Judge, the Magistrate Judge is required to enter a recommended disposition of the matter into the record….Any party may then object to the Magistrate Judge's recommendations….The District Court must then 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *See* 28 U.S.C. § 636(b).
[6] R. Doc. 1. Plaintiff was permitted to proceed *in forma pauperis.* R. Docs. 2-3.

28 U.S.C. § 1331 based on claims arising under 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA").[7]  In response to the question "What are the facts underlying your claim(s)?"on the Complaint form, Plaintiff alleges only the following information::[8]

> Capital One has violated my rights as a federally protected consumer. Below I will list a few laws that were violated: 1692.(a), 1692c.(a)(1), 1692b.(5), 1692f.(8), 1692e.(11), 1692e.(2)(A), 1692f.(1).[9]

Attached to the Complaint are thirty-eight pages, which consist of a variety of documents, none of which allege any specific facts in support of the above allegations.[10] Plaintiff's also makes the following statement regarding irreparable injury/explanation of how monetary damages would not adequately compensate her, *i.e.*, allegations in support of injunctive relief:

> They have caused me financial injury/distress due to me being a retired disabled veteran, I can no longer work, and I have a set income every month. I haven't been able to supply for my family due to my credit card declining which results into conflict with my spouse. I'm currently dealing with depression and trying to figure out how to make ends meet since Capital One has closed my account.[11]

On November 13, 2020, Capital One filed the Motion to Dismiss and served it on Plaintiff at her address of record via U.S. Mail.[12] Plaintiff failed to timely respond.[13]  Capital One then sought a stay of all pretrial deadlines, which was granted for good cause, due to the pendency of the Motion and the lack of a response from Plaintiff.[14]  On January 4, 2021, a Report and Recommendation was issued, recommending that the Motion to Dismiss be granted and Plaintiff's

---

[7] R. Doc. 1, p. 3.
[8] R. Doc. 1, p. 4.
[9] R. Doc. 1, p. 5.
[10] R. Docs. 1-1, 1-3. Plaintiff alleged the following regarding the "Amount in Controversy": "Capital One has caused me emotional distress and anxiety. I see the doctor regularly to discuss my anxiety and emotional distress. Due to Capital One aiding to my mental disabilities, I am suing for $500,000, revolving credit with no balance, no spending limit, report as paid and good standing every month to the consumer reporting agencies, and an apology." R. Doc. 1, p. 4. *See also* Plaintiff's similar demands for relief at R. Doc. 1, p. 5.
[11] R. Doc. 1, p. 5.
[12] R. Doc. 7. According to the certificate of service, the Motion to Dismiss and supporting memorandum were served on Plaintiff via U.S. Mail on November 13, 2020. R. Doc. 7, p. 2 and R. Doc. 7-1, p. 9.
[13] Plaintiff's response was due in early December 2020.
[14] R. Docs. 9-10 *and see* scheduling conference order at R. Doc. 5.

Complaint be dismissed with prejudice because the Motion to Dismiss was unopposed and because the Motion to Dismiss had merit, *i.e.*, the Complaint failed to allege sufficient facts to demonstrate a violation of the FDCPA.[15] However, that same day, Plaintiff's untimely Response to the Motion to Dismiss was received.[16] In light of Plaintiff's Response and her *pro se* status, the Report and Recommendation was withdrawn.[17] Because the Motion to Dismiss has merit, it should be granted; however, due to Plaintiff's *pro se* status, she should be given the opportunity to amend her Complaint to state a claim, if possible.

## II. Law and Analysis

### A. Legal Standard on a Fed. R. Civ. P. 12(b)(6) Challenge

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[18] Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[19] If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted."[20]

In *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*,[21] the United States Supreme Court addressed the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss

---

[15] R. Doc. 11 *and see* R. Doc. 12.
[16] R. Doc. 13 *and see* p. 4, reflecting receipt by the Clerk's office on January 4, 2021. Because Plaintiff's Response did not address why the opposition was untimely or show excusable neglect pursuant to Fed. R. Civ. P. 6, Plaintiff was ordered to file a supplemental memorandum explaining why her opposition was untimely. R. Doc. 14. Plaintiff explained in her supplemental memorandum that her opposition was untimely because her address had changed, and her mail "took forever" to be forwarded. R. Doc. 16.
[17] *See* Order at R. Doc. 19.
[18] Fed. R. Civ. P. 8(a)(2).
[19] *Mendoza v. Franklin Credit Management Corporation*, No. 4:16-276-O, 2016 WL 6304813, at *1 (N.D. Tex. May 27, 2016) *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[20] *Mendoza*, 2016 WL 6304813, *1, *citing* Fed. R. Civ. P. 12(b)(6).
[21] *Twombly*, 550 U.S. 544 and *Iqbal*, 556 U.S. 662.

3

pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[22] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24] It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[25] "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[26]

On a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[27] The Court "must accept as true all of the factual allegations contained in the Complaint."[28] While factual assertions are presumed to be true, "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a Fed. R. Civ. P.12(b)(6) motion.[29]

---

[22] *Twombly,* 550 U.S. at 555.
[23] *Iqbal,* 556 U.S. at 678, *quoting Twombly,* 550 U.S. at 570.
[24] *Iqbal,* 556 U.S. at 678.
[25] *Id.* at 679.
[26] *Id.* at 678 (internal quotation marks omitted).
[27] *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011) (citations omitted).
[28] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[29] *Iqbal*, 556 U.S. at 678.

4

### B. The Elements of a Claim Under the FDCPA

The FDCPA, 15 U.S.C. § 1692 *et seq.*, prohibits a debt collector, defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another,"[30] from using any false or misleading representations or unfair practices[31] (among other prohibitions) in connection with collecting or attempting to collect a debt from a consumer.[32] To state a claim under the FDCPA, a plaintiff must show: (1) that he or she is a consumer; (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector; and (4) that the defendant violated at least one of the provisions of the FDCPA.[33] FDCPA's prohibitions include the following: (1) the time and manner of collection activity;[34] (2) direct communication with consumers;[35] (3) engaging in conduct resulting in harassment or abuse;[36] (4) the use of false,

---

[30] 15 U.S.C. § 1692a(6). (emphasis added). However, this definition contains a number of exceptions. *See id.* at subsections (A)-(F).
[31] *See* 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt…..the following conduct is a violation of this section:…(2) The false representation of-- (A) the character, amount, or legal status of any debt;…(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;…(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…."). *See also* 15 U.S.C. § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt….").
[32] 15 U.S.C. § 1692a(3) (defining "consumer" as any natural person obligated or allegedly obligated to pay any debt) and 15 U.S.C. § 1692(5) (defining "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment).
[33] 128 Am. Jur. Trials 243 *and see Jackson v. Bank of Am., N.A.,* No. 15-346, 2017 WL 1173933, at *2 (M.D. La. Mar. 28, 2017) ("In order to state a claim under the FDCPA, Jackson must allege that '(1) he has been the object of collection activity arising from consumer debt, (2) the defendant is a 'debt collector' as defined by the Act, and (3) the defendant has engaged in an act or omission prohibited by the Act.'").
[34] 15 U.S.C. § 1692c.
[35] 15 U.S.C. § 1692c.
[36] 15 U.S.C. § 1692d.

deceptive, misleading representations and/or threats to take unavailable or unintended actions;[37] and (5) the use of unfair or unconscionable means.[38]

### C. Plaintiff's Complaint and Request for an Injunction Fail to Allege Plausible Claims

Liberally construing Plaintiff's allegations in the Complaint,[39] Capital One is correct that Plaintiff has failed to state a claim under the FDCPA.[40] While Plaintiff references several FDCPA provisions that she claims Capital One violated, the Complaint does not allege any facts to explain what actions of Capital One Plaintiff believes violated the FDCPA. Plaintiff has alleged only the legal conclusion that Capital One has "violated her rights," which fails to state a claim.[41]

Even if the thirty-eight pages attached to the Complaint, many of which are duplicates, are considered, Plaintiff fails to allege a claim under and/or a violation of the FDCPA.[42] At most, a

---

[37] 15 U.S.C. § 1692e.

[38] 15 U.S.C. § 1692f.

[39] A document filed *pro se* is "to be liberally construed" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers…." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), *citing Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

[40] R. Doc. 7, pp. 2-8 and R. Doc. 20, pp. 1-3.

[41] Likewise, Plaintiff's request for injunction lacks any factual support. R. Doc. 1. "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Planned Parenthood Ass'n of Hidalgo County Texas, Inc. v. Suehs,* 692 F.3d 343, 348 (5th Cir. 2012), *citing Texas Medical Providers Performing Abortion Services v. Lakey,* 667 F.3d 570, 574 (5th Cir. 2012). To obtain a preliminary injunction, four elements must be demonstrated: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that substantial injury to the plaintiff outweighs the threatened harm to the party whom the plaintiff seeks to enjoin, and (4) that granting the preliminary injunction would not disserve the public interest. *Planned Parenthood Ass'n of Hidalgo County Texas, Inc.,* 692 F.3d at 348, *citing id.* Plaintiff has not pleaded any facts in support of these four elements, and her demand for monetary damages of $500,000 contradicts an irreparable injury, *e.g.*, an injury that cannot be compensated in monetary damages. "Irreparable injury is harm that 'cannot be undone through monetary damages,' that is, harm for which money damages are inadequate or for which money damages are 'especially difficult' to compute." *Johnson Controls, Inc. v. Guidry,* 724 F. Supp. 2d 612, 619 (W.D. La. July 12, 2010), *citing Deerfield Medical Center v. City of Deerfield Beach,* 661 F.2d 328, 338 (5th Cir. 1981) and *Allied Marketing Group, Inc. v. CDL Marketing, Inc.,* 878 F.2d 806, 810, fn. 1 (5th Cir. 1989). "The 'central inquiry in deciding whether there is a substantial threat of irreparable harm to the plaintiff is whether the plaintiff's injury could be compensated by money damages.'" *Johnson Controls, Inc.,* 724 F. Supp. 2d at 619, *citing Allied Marketing Group, Inc*., 878 F.2d at 810, fn. 1. "Thus, there can be no irreparable injury where money damages would adequately compensate a plaintiff." *Johnson Controls, Inc.,* 724 F. Supp. 2d at 619-20, *citing DFW Metro Line Services v. Southwestern Bell Telephone Co.,* 901 F.2d 1267, 1269 (5th Cir. 1990) (citations omitted).

[42] The only documents that are specifically referenced in, or incorporated by, the Complaint are Plaintiff's "cease and desist and invoices." R. Doc. 1, p. 5.

"Cease and Desist" letter by Plaintiff references "15 USC 1692c.(C)" and "15 USC 1692c.(c)(2)," refers to "this alleged debt," and demands that Capital One: cease communication with Plaintiff; "Report [Plaintiff's account] as paid and [in] good standing every month to the consumer reporting agencies;" and, provide Plaintiff with a "Revolving credit with no balance" and "No spending limit on this account."[43] Similarly, Plaintiff's "Default and Opportunity to Cure" references "15 USC 1692" and twenty-three "violations," and demands that Capital One "Remove this debt from my consumer reports" and "pay the invoice."[44] However, neither document provides facts regarding Capital One's FDCPA violations (or the alleged debt or the account). Plaintiff's notarized "Affidavit of Proof" ("Affidavit") with exhibits A through C attached,[45] is improper because it merely contains legal conclusions rather than facts within Plaintiff's personal knowledge.[46] Even if it could be properly considered, the Affidavit fails to provide any factual explanation of the violations Plaintiff alleges. The Affidavit consists of two pages of statements such as this: "Fact,

---

[43] R. Doc. 1-3, p. 4. The "Cease and Desist" letter is not dated. To the extent Plaintiff is attempting to assert a claim under § 1692c(c) because she is alleging that Capital One continued to communicate with her after she sent the "Cease and Desist" letter, she will still have to show that Capital One is a "debt collector" under the FDCPA, which Capital One denies, and she will have to allege what actions of Capital One she claims were unauthorized. Capital One has alleged that it is required by law to send the cardholder a statement "for each billing cycle at the end of which there is an outstanding balance in that account or with respect to which a finance charge is imposed," citing 15 U.S.C. § 1637(b). R. Doc. 20, p. 2. Accordingly, Capital One appears to contend that its actions in sending Plaintiff a credit card statement are not a violation of § 1692c(c) because it was required to send the statement pursuant to § 1637(b).
[44] R. Doc. 1-3, p. 17.
[45] The Affidavit and exhibits A-C were attached to the Complaint at least twice. *See* R. Doc. 1-3, pp. 5-10 and pp. 22-27. Other documents attached to the Complaint were also filed in duplicate. *See, e.g.,* R. Doc. 1-3, pp. 11, 13-14, 20, 28-29 (Plaintiff's invoices and Capital One's September 1, 2020 letter to Plaintiff).
[46] *See, e.g., Floyd v. Chilly's L.L.C. of Alabama,* No. 15-544, 2017 WL 1455024, at *3 (M.D. La. Apr. 21, 2017): "For testimony from an affidavit to be admissible for summary judgment purposes, the affidavit must: 1) be based on personal knowledge, 2) set out facts that would be admissible in evidence, and 3) show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "Further, it is not enough to merely state that the affidavit is based on personal knowledge, it must be clear that it is also based on facts alleged in the affidavit." *Floyd,* 2017 WL 1455024, *3, citing *Bright v. Ashcraft,* 259 F. Supp. 2d 494, 498 (E.D. La. Feb. 11, 2003) ("A declarant must provide evidence to establish that he has personal knowledge of the facts stated."). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence." *Floyd,* 2017 WL 1455024, *3 citing *Walker v. SBC Services, Inc.*, 375 F. Supp. 2d 524, 535 (N.D. Tex. June 2, 2005). Finally, affidavits that contain legal conclusions and conclusory allegations are not admissible. *Gibson v. Liberty Mut. Group*, 129 Fed.Appx. 94, 95 (5th Cir. 2005) (upholding district court decision to strike portion of affidavit because "it contains legal conclusions and hearsay and was not based upon … personal knowledge.").

affiant is aware and has proof in the attachment labeled as Exhibit [A-C] that Capital One in in violation of [subsection of FDCPA]."[47] The "proof" on the referenced exhibits, such as a Capital One statement, is merely Plaintiff's handwritten notations of particular FDCPA provisions, which fail to provide any facts in support of a claim that Capital One violated those FDCPA provisions.[48] All of the exhibits attached to the Affidavit, and the other documents attached to the Complaint, are similarly insufficient. Neither the Complaint nor its attachments explain how any item notated as a "violation" constitutes a violation.

In contrast, the exhibits comprised of correspondence from Capital One shed some light on what this case *may* be about – Plaintiff's Capital One credit card account, which was opened online in May 2020.[49] It appears that Plaintiff sent an "identity theft report" to Capital One disputing some or all the charges incurred on her account. Capital One apparently investigated and determined that the charges were not fraudulent, but placed the account in a "cease and desist" status at Plaintiff's request and closed the account.[50] However, this is speculation because none of the documents and statements authored *by Plaintiff* provide sufficient factual details regarding

---

[47] R. Doc. 1-3, pp. 5-7.
[48] R. Doc. 1-3, pp. 8-10. As noted in the original Report and Recommendation, Capital One's Motion to Dismiss raises potentially viable defenses to Plaintiff's FDCPA's claims, including that Capital One is not an FDCPA "debt collector" because it is Plaintiff's creditor. R. Doc. 7-1, pp. 3-4 and R. Doc. 20, p. 2, *and see Cangelosi v. New Orleans Hurricane Shutter & Window, L.L.C.,* No. 12-427, 2013 WL 395138, at *4 (E.D. La. Jan. 31, 2013) ("…a creditor seeking to collect its own debt is not a debt collector for FDCPA purposes") *and see In re Trevino,* 535 B.R. 110, 135-36 (Bankr. S.D. Tex. July 31, 2015): "The legislative history of § 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." (citations omitted). However, Capital One has not supported these assertions via an affidavit or other evidentiary means, and therefore, the merits of the defense cannot be reached. *See* Fed. R. Evid. 901 *and e.g.*, Fed. R. Civ. P. 56. Several other of Capital One's defenses challenging the applicability of various FDCPA provisions also appear to have merit. *See, e.g.,* R. Doc. 7-1, pp. 5-8 (Plaintiff has no claim against Capital One for a violation of the definition section of the FDCPA, 15 U.S.C. § 1692a; Plaintiff's monthly statement was mailed to her, and not to anyone else, which refutes a violation of 15 U.S.C. § 1692b(2)). While it is recommended that Plaintiff be given leave to amend her Complaint, Capital One is not precluded from re-asserting a dispositive motion with proper evidentiary support, including support for its assertion that the proper defendant is "Capital One Bank (USA), N.A."
[49] R. Doc. 1-3, pp. 31-32 (Capital One's September 28, 2020 letter to Plaintiff).
[50] R. Doc. 1-3, pp. 31-37 (Capital One's letters to Plaintiff dated September 28, 2020, September 1, 2020, August 31, 2020, and September 23, 2020, respectively).

8

Plaintiff's claims in this case,[51] including the nature of the debt at issue and whether Plaintiff disputes it. The Court cannot supply Plaintiff with factual support for her claims based on the documents in the record.[52] Thus, Plaintiff's Complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6);[53] however, as discussed below, Plaintiff should be given leave to amend.

### D. Plaintiff Should Be Granted Leave to Amend Her Complaint to Correct the Noted Deficiencies

As this Court has held many times, "[A] court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted."[54] The Fifth Circuit has further stated:

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.[55]

One leading treatise has further explained:

> As the numerous case[s] ... make clear, dismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected. The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every

---

[51] *See* R. Doc. 1 (Complaint); R. Doc. 1-3, p. 4 ("Cease and Desist" letter to Capital One, *same* as p. 21), pp. 5-8 (Affidavit), pp. 8-10 (exhibits attached to Affidavit), p. 11 (invoice demanding payment from Capital One, *same* as p. 20), pp. 12 and 30 (what are potentially complaints Plaintiff lodged with the Consumer Financial Protection Bureau, but are illegible), and p. 17 ("Default and Opportunity to Cure" letter to Capital One).

[52] *See Cervantes v. Weston,* No. 2:08-0182, 2009 WL 690051, at *2 (N.D. Tex. Mar. 16, 2009), *citing Davis v. Scott,* 157 F.3d 1003, 1005-1006 (5th Cir. 1998) ("The Court cannot act as plaintiff's attorney and construct his claims for him. As a pro se litigant, plaintiff has assumed that role for himself. Plaintiff is the master of his complaint and is, in the end, the person responsible for articulating the facts that give rise to a cognizable claim.").

[53] *See Barlow v. Safety Nat. Cas. Corp.,* 856 F. Supp. 2d 828, 836 (M.D. La. 2012) ("None of the plaintiff's allegations concerning the defendants' alleged violations of certain provisions of the FDCPA are entitled to the assumption of truth because she merely recites the elements of the cause of action without any factual allegation against the several defendants named in her suit. Thus, the defendants are entitled to dismissal of the plaintiff's FDCPA claims.").

[54] *Fetty v. Louisiana State Board of Private Security Examiners,* No. 18-517, 2020 WL 520026, at *14 (M.D. La. Jan. 31, 2020), *citing Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1955).

[55] *Fetty*, 2020 WL 520026, **14-15, *citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002).

>
> opportunity to cure a formal defect in the pleading. This is true even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading. Thus, the cases make it clear that leave to amend the complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim.... A wise judicial practice (and one that is commonly followed) would be to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the district court will be able to determine conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief.[56]

Because of the above "wise judicial practice," and considering Plaintiff's *pro se* status, it is recommended that Plaintiff be given the opportunity to amend her complaint to state viable claims against Capital One, if possible.[57]

Plaintiff's Response to the Motion to Dismiss provides some allegations in support of potential FDCPA violations;[58] however, Plaintiff must allege facts in support of each element of each alleged violation of the FDCPA in an amended Complaint. Additionally, Plaintiff references violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et. seq.*, and the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801, *et. seq.*, in her Response; however, Plaintiff's original Complaint makes no reference to the TILA or the GLBA,[59] and Plaintiff may not raise

---

[56] *Fetty*, 2020 WL 520026, *15, *citing* 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2019).
[57] *Fetty*, 2020 WL 520026, *15.
[58] R. Doc. 13, p. 1 (Capital One continued to send Plaintiff statements after she requested that it cease doing so); p. 2 (Capital One failed to disclose in the initial written communication that it was attempting to collect a debt, Capital One added fees and charged interest to Plaintiff's account, Capital One cannot extend credit, and Capital One disclosed Plaintiff's information to the credit bureaus without giving Plaintiff an option to opt out); and pp. 2-3 (Capital One committed fraud "by deceiving consumers into believing they extend credit and they give credit cards which results in personal gain for their corporation."). It is not clear when these alleged violations occurred, the nature of the disputed fees/charges Plaintiff contends were added to her account, and why Plaintiff believes Capital One cannot extend credit/acted fraudulently. Like the exhibits attached to Plaintiff's Complaint, Plaintiff's exhibits to the Response, *i.e.*, another Capital One statement, merely contain Plaintiff's handwritten notations of FDCPA provisions and fail to allege facts in support of her claims. R. Doc. 13-1.
[59] R. Doc. 1. *See* R. Doc. 20, pp. 3-4.

new claims in a response to a motion to dismiss.[60] If Plaintiff wishes to assert TILA and GLBA claims, she must assert them, with factual support, in an amended Complaint.

To avoid dismissal pursuant to Fed. R. Civ. Proc. 12(b)(6), a complaint must allege more than mere "labels and conclusions" or "formulaic recitations[s] of the elements of a cause of action."[61] Therefore, Plaintiff must allege enough facts to make a threshold showing that the FDCPA applies, including that there is a covered "debt" and that Capital One is a "debt collector." Furthermore, for each type of FDCPA violation Plaintiff alleges, she must plead facts that track the requirements of each statutory provision.[62] As one example, 15 U.S.C. §1692b(5) provides: "Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall…not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt." Therefore, to allege a claim pursuant to 15 U.S.C. §1692b(5), Plaintiff must allege sufficient facts tending to show that: (1) Capital One communicated with a third person for the purpose of finding location information about Plaintiff, and (2) Capital One used language or a symbol on an envelope or in a communication effected by the mails or telegram that indicates that Capital One is a debt collector in the debt collection business or that the communication relates to the collection of a debt.

---

[60] *See Sneed v. Austin Indep. Sch. Dist.,* 487 F. Supp. 3d 584, 593-94 (W.D. Tex. 2020): "It is 'wholly inappropriate to use a response to a motion to dismiss to essentially raise a new claim for the first time.'" (*citing Diamond Beach Owners Ass'n v. Stuart Dean Co.*, 3:18-00173, 2018 WL 7291722, at *4 (S.D. Tex. Dec. 21, 2018), *report and recommendation adopted*, 3:18-00173, 2019 WL 245462 (S.D. Tex. Jan. 17, 2019)).
[61] *Kopp v. Klein*, 894 F.3d 214, 218-19 (5th Cir. 2018), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[62] Plaintiff references "1692.(a)" in her Complaint (R. Doc. 1, p. 5); however, 15 U.S.C. § 1692(a) is part of the Congressional findings and declarations of purpose of the FDCPA and does not appear to provide Plaintiff with a private cause of action.

### III. Recommendation

As Plaintiff has failed to allege adequate facts to state a claim for relief against Capital One Financial Corp. under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.*,

**IT IS RECOMMENDED** that the Motion to Dismiss Plaintiff's Complaint,[63] filed by Defendant Capital One Financial Corp., be **GRANTED,** and that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the Motion for More Definite Statement,[64] filed by Defendant Capital One Financial Corp., be **DENIED AS MOOT.**

**IT IS FURTHER RECOMMENDED** that Plaintiff Daysha Blount be given twenty-one (21) days from the date of the Ruling adopting this Report and Recommendation in which to amend her Complaint to cure the deficiencies, and that Plaintiff's failure to timely file an amended complaint will result in conversion of the dismissal to one with prejudice.

Signed in Baton Rouge, Louisiana, on August 13, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[63] R. Doc. 7.
[64] R. Doc. 7.